FREDERICK McART, RESPONDENT, v. THE TOWN OF BELLEVILLE, APPELLANT.

Argued February 23, 1922—Decided June 7, 1922.

1. Plaintiff, claiming to be a patrolman on the police force of Belleville, a town which had adopted the Commission Government act, brought an action at law for back pay. It appearing that he had actually performed the service after having been appointed patrolman by the commissioner of public affairs, to whom the police department had been regularly assigned by the board of commissioners, though the board had not concurred in the appointment—*Held,* that he was entitled at least as a *de facto* officer to maintain this suit for the proper salary for actual service performed as such *de facto* officer.

2. By the adoption of the Commission Government act, and the consequent division of departmental jurisdiction among the individual commissioners, as provided in that act, a provision of the earlier police ordinance requiring the certificate of medical examination of police officers to be approved by the "governing body" was superseded, and the power of approval vested in the appropriate commissioner.

3. Non-payment of costs of a prior action between the same parties relating to the same subject-matter, in which plaintiff was defeated without losing his right to bring a new suit, is ground of abatement only, and under present practice must be invoked by motion before trial.

---

On appeal from the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the respondent, *William H. K. Davey.*

For the appellant, *Michael J. Tansey.*

The opinion of the court ·was delivered by

PARKER, J. The underlying contest involved in this suit, which has ·been raised before but not decided, is whether in the town of Belleville, a municipality operating under the Commission Government act, known as the Walsh act (*Pamph. L.* 1911, *p.* 462), and the various amendments thereof, the power of appointment of patrolmen on the police force is vested in the commission as a body or in the particular commissioner to whom the police department has been assigned by operation of law or action of the council thereunder, or both. Belleville seems to have a commission government composed of five commissioners, and ·on June 18th, 1918, after the adoption of commission government, the board passed resolutions assigning to· the director of the department of public affairs, *i. e.,* the mayor, the control over the police department, fire department, licenses and supervision of building construction. Subsequently there was a disagreement between the mayor and the board over the question which was entitled to appoint policemen, and a majority of the board on the one hand, and the mayor as *commissioner* of public affairs on the other, both undertook to make such appointments. The power of the board was questioned on *certiorari* in the case of *Cooper et al.* v. *Town of Belleville,* at the November Term, 1920, of this court, but the *certiorari* was dismissed, first, because we said that the action was an attempt to accomplish by *certiorari* what should be the subject of a *quo warranto;* and secondly, that Drake, the acting police officer whose title to· office was questioned, was not a party to the litigation.

The present plaintiff claims under an appointment by the mayor not concurred in by the board, and having actually served for some months as a patrolman, has sued in this case for his salary for services actually performed. He attempted to obtain these moneys previously in a *mandamus* suit at the November Term, 1919, of this court, in which the treasurer of the town of Belleville was the respondent, and we there said that *mandamus* was not the proper remedy in the absence of a judgment at law. The present action is no doubt predicated upon this decision. It is an ordinary action at law to recover moneys claimed to be due from the town to the plaintiff for services actually performed as patrolman under color, at least, of an appointment by the mayor and the actual discharge of duty. It is objected at this stage that the suit involves conflicting titles to office because, as claimed, Drake, whose title was attacked in the *certiorari* suit already mentioned, was carried on the rolls as patrolman under the order of the board of commissioners; *ergo,* Drake's title is brought into question. But this, we think, is conspicuously a *non sequitur*. The defendant offered evidence on the subject of Drake's appointment as patrolman and his qualification, &c., and this the trial court excluded and, as we think, with entire propriety, for the title of Drake was not at all involved in the controversy, and this for the very simple reason that there appears to be no limit to the number of patrolmen who might be appointed, and consequently the question whether Drake was appointed or not was absolutely irrelevant.

The plaintiff is, therefore, at least, in the position of a *de facto* officer who has performed the service and claims to be entitled to the compensation; and that such an officer may maintain an ordinary action at law for the recovery of his compensation if unpaid seems to be expressly decided in at least one of our cases, and assumed in others. In the case of *Erwin* v. *Jersey City,* 60 *N. J. L.* 141, it was expressly held by the Court of Errors and Appeals that one who becomes a public officer *de facto* without dishonesty or fraud on his part, and who renders the services required of such public

officer, may recover the compensation provided by law for such services during the period of their rendition; and in the later case of *Gaskill* v. *Atlantic City,* 89 *Id.* 269, the form of action was assumed to be correct, but a recovery was denied because the possession of the office had been procured by force and with full knowledge of the fact that the title was disputed by the lawful incumbent.

These decisions are sufficient for present purposes. There are one or two minor points which seem to be worthy of notice. One is an attack upon the colorable title of plaintiff to his office on the ground that a medical certificate which, under the town ordinance, was required to be approved by the governing body was approved only by the mayor. To this the answer is that the town ordinance was one dating from before the adoption of the commission government, and we are of opinion that by the adoption of the Walsh act and the taking effect of its later supplements whereby various powers were transferred from the board at large to the particular commissioners, the right of approval or disapproval of such certificate became vested in the mayor, and that it was properly acted on by him. This seems to be the fair implication from such cases as *Foley* v. *Orange,* 91 *N. J. L.* 554; *Crane* v. *Jersey City,* 90 *Id.* 109; affirmed, 92 *Id.* 248; *Apple* v. *Atlantic City,* 104 *Atl. Rep.* 89; *Hewson* v. *Newark,* 95 *Id.* 28.

It was objected at the trial that the plaintiff had failed to pay the costs awarded against him in the *mandamus* case above mentioned and that, consequently, he was precluded from going on with the trial of the present case unless and until those costs were paid. The point made is properly one for a plea in abatement under the old practice, and by the Practice act of 1912 such pleas are abolished, and the application should be made by motion. Rule 56. In this case the defendant pleaded the non-payment of costs and he undertook to block the plaintiff from going on with the trial by making objection at the opening thereof. This, we think, was an improper time to do so and, consequently, that the court rightly overruled the objection.

The foregoing considerations seem to us to dispose of the points properly raised on this appeal. A great many of the grounds are insufficient as being general in character, so need not be considered. While we are inclined to think that under the Walsh act as it now stands, the appointment of patrolmen is solely vested in the commissioner of public safety, by whatever name called, we do not find it necessary expressly to decide the point, but are content to rest our decision upon the status of the plaintiff as a *de facto* officer who had *bona fide* performed service for which he was entitled to be paid.

The judgment will be affirmed.