**CHARLES KIRK, APPELLEE, v. THE COUNTY OF HUDSON, APPELLANT.**

Submitted December 21, 1922—Decided February 20, 1923.

On appeal from the District Court.

Before Justices PARKER, BERGEN and MINTURN.

For the appellant, *John J. Fallon.*

For the appellee, *William B. Stiles.*

PER CURIAM.

The judgment should be affirmed, both on technical grounds and on the merits. On technical grounds, because of the three "specifications" for reversal filed, not one specified an erroneous ruling of the trial court, save that the court decided the case wrongly, which is no specification at all. *Champlin* v. *Barthold,* 82 *N. J. L.* 13. On the merits, because the plaintiff, as the trial court was entitled to find, served as a *de facto* election officer during the election season of 1920, the alleged *de jure* officer not appearing or performing any service, so that under

well-settled rules the plaintiff is entitled to the compensation. *McArt* v. *Belleville*, 117 *Atl. Rep.* 595, and cases cited.

It is argued that the plaintiff was allowed to recover statutory compensation though he' had declared on a *quantum meruit*. But the trial court directed an appropriate amendment, and neither action is specified for error.

It is claimed that the case of *Gardner* v. *Bevis*, 111 *Atl. Rep.* 321, is controlling, and decided that plaintiff had no color of title to the office. We do not so read the opinion. The statute prescribing that the election officers should be appointed by the county board on or before a certain date, and certify the appointment to the county clerk on or before August 30th, it appears that the board did appoint, but no certificate being received by the clerk, one of the Common Pleas judges, assuming to act under an alternative provision of the statute, appointed plaintiff on the same day that the certificate finally came in. In the Bevis case this court declared in its opinion that the county board appointments were good and the judges' were not. But this was in the opinion: the judicial action, in a case in which appellee is not shown to be a party, was merely to discharge a rule to show cause why writs of *mandamus* should not be allowed, and why informations in *quo warranto* should not be authorized to be filed. The record, if record there be, was neither printed nor put in evidence in this case. Consequently, no question of *res judicata* is involved; as to the application of *stare decisis*, the reported opinion is perhaps controlling to the extent of requiring us to say that appellee was not *de jure* entitled to the office, but this is quite different from saying that his service was not *de facto* service and worthy of compensation as such.

Let the judgment be affirmed.