THOMAS BUTLER, INSPECTOR OF BUILDINGS OF THE CITY OF PLAINFIELD, RELATOR, v. THE INHABITANTS OF THE CITY OF PLAINFIELD, RESPONDENTS.

Argued October 6, 1926—Decided January 25, 1927.

**Municipalities—Mandamus to Pay Disputed Salary—Suit at Law the Proper Remedy in Such Cases, and Then, if Necessary, Mandamus to Compel Payment of Judgment—The Legal Right to Receive Salary Must be Clear.**

On rule to show cause why writ of *mandamus* should not issue requiring the city to pay relator certain salary claimed to be due him.

Before Justices PARKER, BLACK and CAMPBELL.

For the relator, *William Newcorn.*

For the respondents, *Arthur T. Vanderbilt.*

PER CURIAM.

Relator seems to have mistaken his remedy. He claims that he was *de facto* and *de jure* inspector of buildings of the

city of Plainfield from January 1st, 1925, to January 26th, 1925, and that he performed the service. All this is denied. The municipal body has not admitted the propriety of the claim; on the contrary, it says it is illegal and refuses to order it paid.

In this situation, and in the absence of any judicial determination that there is a debt due from the city to relator, the general rule applies that *mandamus* will not lie, and this on the fundamental ground that the legal right must be clear. The ordinary and well-recognized procedure where the right to salary is asserted and denied is by an ordinary suit at law for the salary. Instances are *Fredericks* v. *Board of Health,* 82 *N. J. L.* 200, and *Gaskill* v. *Atlantic City,* 89 *Id.* 269. If that suit results in a judgment favorable to the claimant, *mandamus* then lies to compel the municipality to pay it. So, also, if the corporate body has recognized the propriety of the claim and ordered it paid and the disbursing officer refuses to pay, *mandamus* will lie against him. *American, &c., Co.* v. *Seymour,* 79 *Id.* 92. But the present case does not fall within either class.

The rule to show cause will be discharged, with costs.