THOMAS A. HOPKINS, PLAINTIFF-RESPONDENT, v. CITY
OF PASSAIC, A MUNICIPAL CORPORATION, DEFEND-
ANT-APPELLANT.

ELMER HERMANCE, PLAINTIFF-RESPONDENT, v. CITY
OF PASSAIC, A MUNICIPAL CORPORATION, DEFEND-
ANT-APPELLANT.

JOHN P. GRANEY, PLAINTIFF-RESPONDENT, v. CITY OF
PASSAIC, A MUNICIPAL CORPORATION, DEFENDANT-
APPELLANT.

Submitted May 10, 1932—Decided December 2, 1932.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiffs-respondents, *Feder & Rinzler.*

For the defendant-appellant, *Thomas E. Duffy* and *Andrew Foulds, Jr.*

PER CURIAM.

These three actions, heard by Judge McDermott, sitting without a jury, in the First District Court of the city of Paterson, are for salaries alleged to be due. They are in like posture, were tried together and are argued as one. Each of the plaintiffs is under appointment by a former judge of

the District Court of the city of Passaic to be a sergeant-at-arms of that court. Hopkins, the first appointee, was appointed by W. Carrington Cabell, then judge of the court, in 1922. He filed a bond. On December 7th, 1926, Judge Duffy, successor to Judge Cabell, appointed John P. Graney and Elmer V. Hermance, who immediately filed their bonds. No other bonds of either of the three men have been filed. On March 1st, 1929, Judge Duffy wrote the board of commissioners of the city of Passaic that he was appointing Graney and Hermance permanently under civil service at annual salaries of $1,500 each. On May 18th, 1929, Judge Duffy wrote a like communication regarding Hopkins. No authority is manifested to us whereby the judge might fix the salaries. Nevertheless, everybody, apparently, accepted the situation as complete upon its face. The salaries were paid until January 1st, 1932, when they were withheld; and these actions follows. The board of commissioners did not, by formal action, fix the salaries, though it received and filed the appointment advices above referred to and paid the salaries at the rate of $1,500 per annum. Judge Duffy's term of office expired in April, 1931, and he was succeeded by Peter N. Perretti, present judge, who has made no appointments. The trial court found for the plaintiffs. The city of Passaic appeals.

The first point stated on appellant's brief is that title to office cannot be tried by an action for salary. We conceive this proposition to be true. *Van Sant* v. *Atlantic City,* 68 *N. J. L.* 449; 53 *Atl. Rep.* 701. But the plaintiffs made no effort to try the right to office. The defendant sought to raise that issue as a defense. The plaintiffs were, and long had been, in office performing the duties thereof. No effort had been made to oust them. Each was, at least, in the position of a *de facto* officer who had performed the service and claimed to be entitled to the compensation. Such an officer may maintain an ordinary action at law for the recovery of his compensation if unpaid. *McArt* v. *Town of Belleville,* 97 *N. J. L.* 396; 117 *Atl. Rep.* 595, and cases there cited. The point advances no sufficient ground for reversal.

The second point presented is that the term of office of each of the plaintiffs expired with that of the judge by whom he was appointed. The legality of the original appointments is not questioned. The fact that the service was rendered is not disputed. It is not suggested that there were others than the plaintiffs acting, or qualified to act, as sergeants-at-arms. The necessity to the court for services of such character is apparent. The statutory authority for the appointment of sergeants-at-arms is plain. While the plaintiffs were in precisely the same status, the city had long given official recognition by making provision for, and paying, compensation at the rate sued for. Although the city had not formally fixed the annual salary, nevertheless the amount actually heretofore paid and now sued for is the minimum, $1,500, allowed by statute for City District Courts in counties of the class of Passaic county. Section 10, District Court act, as amended *Pamph. L.* 1929, *ch.* 200, *p.* 374; *Cum. Supp. Comp. Stat., p.* 467, *pl.* 61-10. Under these circumstances, and considering the rights, already expressed, of the plaintiffs as *de facto* officers, we think that the point secondly presented is not a defense to the actions. Like reasoning makes ineffective the appellant's third point, which is that on reappointment the plaintiffs did not file new bonds.

The fourth point on appellant's brief is that the court below erroneously overruled the objection of appellant that the salaries demanded by plaintiffs had not been fixed by proper authority. *Pamph. L.* 1929, *ch.* 200, *supra,* made it the duty of the governing body of any municipality in which a City District Court was located to fix the amount of the salaries of sergeants-at-arms of such courts; but this duty was to be exercised, of course, by fixing a sum between the statutory minimum and maximum which, with respect to courts within counties of the class of Passaic, were $1,500 and $2,500 respectively. The position taken by the city is in effect that although it thenceforward for more than two and one-half years paid the plaintiffs the minimum salary of $1,500, it may now, because it did not by formal action fix the salary at that figure, avoid payment for service actually

performed. Assuming the plaintiffs to have been serving under valid and legally subsisting appointments, we think this argument must fail; and assuming them to have been *de facto* officers—and we have held that they were, at least, such—the same result follows.

Finally, it is said that the court below erroneously gave judgment in favor of each of the plaintiffs over the objection of appellant that only one sergeant-at-arms may be appointed to attend the sessions of the court and thereby become entitled to a salary. The only observation that, supplementing the general reasoning upon which this opinion turns, need be made hereon is that by *Pamph. L.* 1905, *ch.* 39, *p.* 63; 2 *Comp. Stat., p.* 1957, *pl.* 13a, it is provided that "the judge of any District Court may appoint one or more sergeants-at-arms. * * *."

Our conclusion is that the judgments below should be affirmed, with costs.