SERAFINO J. FEDERICI, RELATOR, v. WILLIAM F. CHRIS-
TIANSEN, CITY CLERK OF THE CITY OF ORANGE,
AND FRANK J. MURRAY, MAYOR OF THE CITY OF
ORANGE, RESPONDENTS.

Submitted May 12, 1933—Decided September 7, 1933.

Before Justices CASE, BODINE and DONGES.

For the relator, *Merritt Lane.*

For the respondents, *Edward R. McGlynn.*

PER CURIAM.

This is the return of a rule to show cause why a peremp-
tory or alternative writ of *mandamus* should not issue direct-
ing the city clerk and the mayor of the city of Orange to sign
a warrant drawn on the treasurer of the city of Orange, pay-
able to the order of Serafino J. Federici, in the sum of
$90 for salary alleged to be due him as third assistant to
the comptroller, performing duties of clerk, stenographer
and typist.

It appears from the record that Walter B. Savage, director
of revenue and finance of the city of Orange, appointed the
relator to the position of "third assistant to the comptroller
* * * to fulfill the duties of clerk, stenographer and typist
at a salary of $2,400 per year, payable in equal semi-monthly
installments, the term of such appointment to become effective
September 15th, 1932." Federici began work September
15th, 1932. A warrant, drawn as of October 4th, 1932,
directing the treasurer of the city of Orange to pay to
Federici the sum of $90 for his salary under such appoint-
ment from September 15th, 1932, to October 1st, 1932, was

signed by the comptroller of the city and submitted to the mayor and the city clerk for signature and counter signature. The last named officials refused to sign.

Notwithstanding the inclusion within the printed state of case, we may not take cognizance of the matters contained within the *ex parte* affidavits used upon the application for the rule. The efficacy of these proofs is lost upon the allowance of the rule. *Peer* v. *Bloxham,* 82 *N. J. L.* 288; 81 *Atl. Rep.* 659.

Federici endeavored to obtain payment of his salary by method contrary to the practice prevailing with the employes of the city of Orange and for the purpose apparently of creating a status of which the court might take cognizance on application for a writ of *mandamus.* Orange city salary payments are made on the basis of a payroll list on which checks or warrants are drawn twice each month without further action by the city commission. Federici, however, by some means, procured a blank check or warrant from the city clerk's office and, filling in certain forms thereon, presented it, and a sworn voucher, to the mayor and clerk with the demand that these officers affix their signatures thereto. That demand was not complied with. It is denied that Federici, either on the fact or the law, is entitled to compensation. Federici claims that he was *de facto* and *de jure* third assistant to the comptroller and that he performed the duties of his position. The pertinent provisions of the ordinance creating that position are as follows: "The comptroller shall have three assistants, as follows: * * * a third assistant who shall be a stenographer and typewriter." It is denied that Federici either served as stenographer and typist or was qualified to serve as such. It is clear that he did not perform any such duties, and the evidence presents serious doubt as to whether he has colorable qualifications to perform them. We think that the case comes within the rule stated in *Butler* v. *Plainfield,* 5 *N. J. Mis. R.* 170; 135 *Atl. Rep.* 669. Relator should first establish his status by an ordinary suit at law for his salary.

The rule to show cause will be discharged, with costs.