GEORGE FREUDENREICH, RESPONDENT, v. MAYOR AND COUNCIL OF THE BOROUGH OF FAIRVIEW, APPELLANT.

Argued January 21, 1936—Decided October 16, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the appellant, *Dominick F. Pachella.*

For the respondent, *William George.*

PER CURIAM.

Plaintiff below sued to recover compensation for services actually rendered as a policeman. That he acted as a policeman and that he performed the services of a policeman is not questioned on this appeal. It is urged that he was not entitled to recover because he had been previously dismissed from office by the governing body of the borough and not thereafter legally employed.

The facts were that in December, 1933, certain charges were made against the respondent. These charges were tried, the defendant found guilty, and dismissed from his office as a policeman on January 20th, 1934.

On appeal to the Supreme Court the dismissal was set aside; this on March 12th, 1934. On March 15th, 1934, the

chief of police, acting under instructions from the chairman of the police committee of the governing body, directed the respondent to return to work as a policeman.

An appeal was taken thereafter to the Court of Errors and Appeals from the ruling of the Supreme Court, and on the appeal the case was remanded to the Supreme Court to determine the issues of fact involved in the dismissal. The latter tribunal upon further consideration of the case rendered its decision affirming the action of the municipal body and the dismissal of the respondent.

Based upon the rendition of the first judgment by the Supreme Court, the action of the chief of police, and the performance of the services called for as a police officer, the respondent brought the present action to recover salary then claimed to be due from March 15th, 1934. The action resulted in a verdict and judgment for the plaintiff.

That the plaintiff below was not legally re-employed we think may be assumed to be true. There was no authority in the chairman of the police committee nor in the chief of police to direct him to return to work. He did, however, return to his office in pursuance of the direction of his chief, and according to the proofs, performed all the duties exacted of him until the final affirmance of his dismissal by the Supreme Court.

In this situation was he entitled to recover? It is well established in our law that the acts of a *de facto* officer as to third parties are valid and binding and citation of authority to this effect is unnecessary. It seems to be also established in this state that where a *de facto* officer performs the duties of the office which he has assumed without fraud or dishonesty, he is entitled to the compensation prescribed by law therefor.

There can be no doubt that a policeman is an officer holding an office. This much has been established in this state ever since the case of *Hoboken* v. *Gear, 27 N. J. L.* 265, and the numerous cases following in its wake. In the case of *Erwin* v. *Jersey City, 60 Id.* 141; 37 *Atl. Rep.* 732, it was decided by the Court of Errors and Appeals that one who becomes a public officer *de facto* (though not *de jure*) without fraud or

dishonesty on his part, and who renders the services required of such public officer is entitled to recover the compensation provided therefor during the period of their rendition.

It matters not that in the Erwin case the plaintiff was suing for compensation as a corporation attorney and in the present case it is a policeman suing as such. The principle of law laid down in the former case is applicable and sustains the ruling of the court and the recovery in the present case. Indeed in *McArt* v. *Belleville*, 97 *N. J. L.* 396; 117 *Atl. Rep.* 595, the Supreme Court invoked that ruling in favor of a police officer suing as here to recover salary, and held that recovery could be had.

The other questions we think become unimportant and unavailable to the appellant inasmuch as the qualifications of the officer could no more prevent payment of compensation than could the illegality of employment.

The judgment is affirmed, with costs.