GEORGE P. KELLEY, RELATOR, v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF PASSAIC AND JOHN F. STRECKFUSS, TREASURER OF THE COUNTY OF PASSAIC, DEFENDANTS.

Submitted May 4, 1937—Decided July 23, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the relator, *Isadore Rabinowitz*.

For the defendants, *Harry L. Schoen*.

BROGAN, CHIEF JUSTICE. This matter comes before us on rule to show cause why a peremptory or alternative writ of *mandamus* should not be awarded to the relator, commanding the governing body of Passaic county and John F. Streckfuss, its treasurer, to pay relator the sum of $4,083.31 with interest.

The pertinent, undisputed facts are that George P. Kelley, the relator, was appointed as stenographic reporter in 1932, in and for the Ninth Judicial District of this state (*Pamph. L.* 1900, *ch.* 149, *p.* 349), comprising Passaic and Sussex counties; that his compensation was fixed in accordance with the provisions of the statute (*Pamph. L.* 1901, *ch.* 81, *p.* 182) by the Supreme Court justice presiding in the district, at the sum of $14,500 per year, $14,000 of which was apportioned to be paid by Passaic county, the balance by Sussex

county; that under the statute (*Pamph. L.* 1901) *supra,* one-third of the salary paid to Mr. Kelley by Passaic county was refunded to it by the State of New Jersey. By virtue of chapter 17, *Pamph. L.* 1933, *p.* 32, entitled, "An act respecting the salaries or compensation of officers and employes of and persons holding positions under the government of this state, whose salaries or compensation are paid by counties or municipalities," which act permits such governing bodies, by resolution, to reduce the salary paid by such governing body to any officer or employe holding a position under the government of this state, Mr. Kelley's compensation was reduced by twenty-five per cent. for the years 1933, 1934 and 1935, and by twelve and one-half per cent. for the year 1936, *i. e.,* there was deducted for the years 1933 to 1936, inclusive, the several percentages mentioned, on the entire salary fixed in the certificate of appointment, although the State of New Jersey, during these years, refunded to the said county of Passaic one-third of the total amount as originally fixed and not as reduced under the statute of 1933.

The relator, on October 31st, 1933, called to the attention of the finance committee of the board of freeholders of Passaic county what he contended was an error in the method of computing the salary of his office. In a word, he requested that the one-third of his salary as originally fixed, and which was paid by the state to the county, be paid to him in full. At no time did he question the validity of the statute under which his salary was reduced. Again, on January 14th, 1936, the relator, by counsel, protested against the reduction of twenty-five per cent. "from the whole salary."

In support of the rule and urging that a peremptory *mandamus* be awarded him, the relator argues that the deductions authorized by the 1933 statute (whose life was continued up to 1937) should have been made only from that portion of the relator's salary paid by the county and that *mandamus* is the proper remedy in the situation. Against the rule, the defendants urge that the writ should not be allowed because of laches and that *mandamus* is not the proper remedy. We do not believe that laches can be raised as a bar against the relator's

right since, under the statute (limitation of actions, 3 *Comp. Stat., p.* 3162), he would have six years within which to present his claim in a suit at law. *Mandamus,* none the less, is an extraordinary remedy to be invoked in extraordinary cases and, as a rule, should not be allowed where there are other customary and adequate modes open to the complaining party whereby he might have redress. In the main, the writ is awarded to compel the performance of a ministerial duty where the right to have the duty performed is clear and free from doubt. If, therefore, the relator has a clear, legal right and there is no other specific, adequate legal remedy, the writ should issue; otherwise not.

It is argued that the relator, being the stenographic reporter for the district, is an officer of the court and the appointment fixing his salary, *per se,* has the force of a judgment, relying on the cases of *Lindabury* v. *Board of Chosen Freeholders of the County of Ocean,* 47 *N. J. L.* 417; *Knight* v. *Freeholders of Ocean County,* 48 *Id.* 70, and *Irving* v. *Applegate,* 49 *Id.* 376. These cases are not helpful to the relator as will be perceived upon examination.

In the Lindabury case the Supreme Court justice, in compliance with the statute as it then stood (section 100, Criminal Procedure act, Revision, page 286) had certified and ordered paid a sum certain for the services rendered by an attorney specially retained to assist the prosecutor of the Pleas of the county of Ocean in trying a murder case. There the amount involved was not open to dispute since it was fixed by proper authority and in accordance with the statute. Nothing remained to be done except the ministerial duty of making payment. *Mandamus* was awarded. The situation was about the same in the Knight case, which involved the payment of the stenographer's fees for attending and taking the testimony in the homicide case mentioned above. A like situation, in principle, was presented in the Irving case.

This situation before us is obviously different and needs no discussion to demonstrate its dissimilarity.

The relator's right to the sum claimed is not so clear that there remains only the ministerial duty to pay it. It involves

a construction of the statute, *supra*, by virtue of which reduction in salaries was made. Was it the intention of the legislature that any reduction of the relator's salary should apply to the whole sum or only to that part of it apportioned against the county? Do these moneys paid by the state to the county belong to the relator or may not the state claim that it should be reimbursed by the county on the theory that the reduction applied to the entire salary, not alone to the part paid by the county, and that it paid too much when it refunded one-third of the amount as fixed in 1932, instead of one-third of the amount as reduced in 1933?

Our view is that before resorting to *mandamus* the claim of the relator must be established in an ordinary action at law. That was the course pursued in the recent case (*Delmar* v. *Bergen County*, 117 *N. J. L.* 377), which involved this same statute of 1933. Such an action will clarify the legal rights of the parties.

This leads to a discharge of the rule to show cause, with costs.