THE BOARD OF EDUCATION OF THE CITY OF BAYONNE, RELATOR, v. RICHARD F. FLOOD, JR., CUSTODIAN OF SCHOOL MONEYS OF THE SCHOOL DISTRICT OF BAYONNE, RESPONDENT.

Argued December 16, 1943—Decided January 17, 1944.

Before Justices Heher and Perskie.

For the relator, *John Warren* (*Raymond J. Cuddy,* of counsel).

For the respondent, *Collins & Corbin* and *William Rubin* (*Edward A. Markley,* of counsel).

The opinion of the court was delivered by

Perskie, J. This case follows in the train of the case of The Board of Commissioners of the City of Bayonne et al. *v.* The Board of Education of the City of Bayonne et al., on *certiorari.* In that case a motion was addressed to the limitation of the issue and the taking of depositions, &c. We have this day denied that motion. *Atl. Rep.* (*2d*) .

Following the allowance of the writ of *certiorari* in the aforestated case, the Chief Justice, on November 20th, 1943, allowed relator, The Board of Education of the City of Bayonne, an alternative writ of *mandamus* against respondent, who is the custodian of the school moneys of the School District of Bayonne and also the treasurer of that city.

By this alternative writ, respondent was, in substance, commanded to draw checks, or show cause to the contrary, for the salary of each person affected by the resolutions (August 7th, 1943, September 2d, 1943, and October 21st, 1943) which are challenged in the *certiorari* case; and to make checks in the sum stated on the payrolls for the periods from August 1st to August 31st, September 1st to September 30th, and October 1st to October 31st, 1943, to the extent that each person had not as yet been paid as evidenced by the payrolls which were alleged to have been "duly and regularly prepared, certified and delivered to [respondent] * * *." See *R. S.* 18:5–55.

Respondent by his return to the writ, briefly stated, denied that said persons were lawfully entitled to the salaries stated on the payrolls and denied the legality of the payrolls as prepared and certified and delivered to him. Those denials are bottomed on the premise that the payrolls as delivered to him were not in the same form as delivered to the Comptroller of the City of Bayonne, because, as so delivered, the Comptroller refused to sign them. Instead, the Comptroller struck from the payrolls the names of all persons who were given office or position by virtue of the challenged resolutions in the *certiorari* case and also struck the increases of salaries which were given to other persons by virtue of the same resolutions. See *R. S.* 18:6–77, 18:6–79, 18:6–81 and 18:6–82; *N. J. S. A.* 18:6–77, 18:6–79, 18:6–81 and 18:6–82. Respondent further denied that the newly appointed persons hold a *de facto* office or position in the school system of the city. In further support of his position in the premises, respondent urged the same reasons (venal politics, bad faith, &c.), which are urged by prosecutors in the *certiorari* case.

Relator moved to quash the return. It takes the position, namely, "admitting all of the facts which respondent may legally assert," the return is legally insufficient to justify the refusal of the respondent to perform his statutory and administrative duties. For, relator maintains that respondent is merely the "keeper" of its funds and therefore has no right to question the legality of the relator's acts, or "motives" of its members, especially so since the certification of the payrolls stands "unimpaired" and cannot be questioned "collaterally" by "respondent" or anyone else.

We think that the motion to quash the return must, under the circumstances, be denied.

It is the law that in the absence of a judicial determination that the salaries here sought are due relator's employees, *mandamus* will not lie for their recovery. This, as has been pointed out, is based on the "fundamental ground" that the "legal right must be clear." The established procedure, where the "right to the salary is asserted and denied, is by the ordinary suit at law." *Butler* v. *Plainfield*, 5 *N. J. Mis. R.* 170; 135 *Atl. Rep.* 669; *Boyle* v. *Freeholders of Passaic*,

120 *N. J. L.* 552; 1 *Atl. Rep.* (*2d*) 40. The claim to the salaries must be "so clear that there remains only the ministerial duty to pay it." *Kelley* v. *Board of Chosen Freeholders, Passaic,* 118 *N. J. L.* 450, 455; 193 *Atl. Rep.* 553.

The circumstances in the case at bar disclose that the right to salaries, increases in salaries, and the method of collection thereof are in a large measure, if not entirely, dependent upon the disposition of the case on *certiorari.* If prosecutors in that case should fail then the rights to the salaries and increases of salaries in issue would follow as a matter of course. Not so if prosecutors should prevail. For then other questions still remain to be determined. Are the claims for salaries and increases so clear that there remains only the ministerial act to pay them? Can claimants be *de facto* holders of an office or position without the existence of a *de jure* office or position? See *Blair* v. *Brady,* 11 *N. J. Mis. R.* 854, 857; 168 *Atl. Rep.* 668; *Toomey* v. *McCaffrey,* 116 *N. J. L.* 364, 367; 184 *Atl. Rep.* 835. If they are *de facto* holders of offices or positions, and are entitled to "compensation appropriate to such office or position" by virtue of *R. S.* 18:5–50; *N. J. S. A.* 18:5–50 (*Cf. Freudenreich* v. *Mayor, &c., Fairview,* 14 *N. J. Mis. R.* 804 (last paragraph, *p.* 806); 187 *Atl. Rep.* 555), are they not obliged to resort to the ordinary procedure, an action at law, to establish their appropriate compensation? *Cf. Butler* v. *Plainfield, supra; Boyle* v. *Board of Chosen Freeholders, supra; Kelley* v. *Board of Chosen Freeholders, supra; Freudenreich* v. *Mayor, &c., Fairview, supra.*

If, as indicated, further actions by relator becomes necessary, the ordinary action at law shall clarify and determine the rights of the respective parties.

Accordingly, the motion to quash is denied, with costs.